**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ANTONIO ALEXANDER McGEE,

    **Plaintiff,**

    v.                                                                            **CASE NO. 20-3201-SAC**

KANSAS DEPARTMENT OF
CORRECTIONS,

    **Defendant.**

**ORDER**

Plaintiff, Antonio Alexander McGee, who is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"), brings this civil rights case against the Kansas Department of Corrections.

The Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until August 21, 2020, to submit the $400.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 3.)

Plaintiff has filed five responses (Docs. 4, 5, 6, 7 and 8) following the Court's order to pay the filing fee. Plaintiff continues to claim that he has MRSA in his throat, but he does not suggest that he is not being treated for the condition. *See* Doc. 1, at 2, 6. Plaintiff alleges that his MRSA infection could "get around the area of the razor" and the "razor could move and cut a vein." (Doc. 4.) Plaintiff's previous case alleging he had a razor in his neck was dismissed for

1

failure to state a claim. *See McGee v. Corizon*, Case No. 20-3085-SAC (D. Kan.) (Doc. 11) (dismissing and noting that Plaintiff claimed he was denied a second opinion after an x-ray was taken and Plaintiff was told that the x-ray was normal and that there were no foreign bodies in his neck); (Doc. 18) (certifying that Plaintiff's appeal is not taken in good faith for the purposes of 28 U.S.C. § 1915(a)(3)).

Plaintiff also argues that some of his cases in which he was assessed a strike are on appeal. (Doc. 5.) However, a dismissal counts as a strike despite a pending appeal. *See Coleman v. Tollefson*, 575 U.S. 532, 135 S. Ct. 1759, 1761 (2015) ("We conclude that the courts must count the dismissal even though it remains pending on appeal."). The remainder of Plaintiff's responses consist of string cites of cases that do not appear to relate to anything relevant in this case. *See* Docs. 6, 7, and 8. None of Plaintiff's responses show that he is not subject to three strikes or that he has raised a credible allegation that he is in imminent danger of serious physical injury. Plaintiff has failed to pay the filing fee by the deadline set forth in the Court's order.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to pay the filing fee as ordered and therefore the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated August 25, 2020, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**